UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILBUR-ELLIS COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TAIT LACEY and J.R. SIMPLOT COMPANY,<br><br>Defendants. | 4:23-CV-04097-LLP<br><br>ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL |

Plaintiff, Wilbur-Ellis Company, LLC, has moved the Court for an Order certifying an interlocutory appeal from the Court's April 8, 2024 Memorandum Opinion and Order on Motion for Judgment on the Pleadings and Motions Regarding Discovery. Defendant, J.R. Simplot, opposes the motion. For the following reasons, Wilbur-Ellis's motion for certification of an interlocutory appeal is denied.

## BACKGROUND

Tait Lacey's employment with Wilbur-Ellis was governed by an Employment Agreement dated April 1, 2015. (Doc. 1-1.) The Employment Agreement contained restrictive covenants, including a covenant not to compete and a non-solicitation clause. Lacey's employment with Wilbur-Ellis ended on January 13, 2023. Lacy and Wilbur-Ellis executed a Severance Agreement on January 13, 2023. Lacey began employment with Simplot on March 20, 2023.

Wilbur-Ellis filed this lawsuit on June 15, 2023, alleging that Lacey breached the terms of his Employment Agreement with Wilbur-Ellis (Count I), that Lacey tortiously interfered with Wilbur-Ellis's contractual relationships with its employees (Count II), and that Simplot tortiously interfered with Wilbur-Ellis's contractual relationship with Lacey (Count III). (Doc. 1.) On June 20, 2023, Wilbur-Ellis moved for a preliminary injunction, seeking to enjoin Lacey from violating the non-competition provisions of his Employment Agreement, or from tortiously interfering with Kevin Erikson's employment agreement with Wilbur-Ellis. (Doc. 5.) Wilbur-Ellis also sought to

enjoin Simplot from tortiously interfering with Lacey's Employment Agreement with Wilbur-Ellis.

The Court held a hearing on Wilbur-Ellis's motion for a preliminary injunction on July 6, 2023. In a Memorandum Opinion and Order issued on July 10, 2023, this Court denied the motion for preliminary relief, holding that the Severance Agreement superseded the Employment Agreement, and thus the Restrictive Covenant Clause in the Employment Agreement was unenforceable against Lacey. (Doc. 39.)  On July 13, 2023, Wilbur-Ellis appealed this Court's decision to the Eighth Circuit. (Doc. 40.)

On January 2, 2024, Lacey and Simplot filed a joint motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Doc. 56). Lacey and Simplot argued that the Employment Agreement and restrictive covenants it contained are no longer enforceable, thus there was no contract for Lacey to breach, and there was no contract with which Simplot unlawfully interfered, such that Wilbur-Ellis's breach of contract claim against Lacey in Count I, and its tortious interference with contractual relations claims against Simplot in Count III, both fail as a matter of law.  On April 8, 2024, this Court again ruled that the Severance Agreement superseded the Employment Agreement, rendering the restrictive covenants unenforceable. (Doc. 72.) Thus, judgment as a matter of law was granted in favor of Defendants on Counts I and III of the Complaint. (*Id.*)

Wilbur-Ellis now asks the Court to certify an immediate appeal of the April 8, 2024 Memorandum Opinion and Order granting judgment as a matter of law on Counts I and III of the Complaint. (Doc. 73.)

## DISCUSSION

There is a well-established judicial policy against "piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). "Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *Id.* The movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* "The legislative history of subsection (b) of section 1292 . . . indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and

expensive litigation. It was not intended merely to provide a review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam) (cited with approval in *Union Cty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008)).

A district court may certify an interlocutory order for immediate appeal by stating "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Eighth Circuit has explained that § 1292(b) establishes three requirements for certification: "(1) the order 'involves a controlling question of law'; (2) 'there is substantial ground for difference of opinion'; and (3) certification will 'materially advance the ultimate termination of the litigation.' " *Nix*, 43 F.3d at 377 (8th Cir. 1994) (quoting *Paschall v. Kansas City Star*, 605 F.2d 403, 406 (8th Cir. 1979)).

The Eighth Circuit instructs that an interlocutory appeal should be granted sparingly and only in exceptional cases. There is nothing extraordinary about this commercial dispute, and the Court concludes that an immediate appeal of the April 8, 2024 Memorandum Opinion would not materially advance the ultimate termination of this litigation. Wilbur-Ellis admits that the issue before the Court in the April 8 Memorandum Opinion "is the very same issue that is currently pending on appeal with the Eighth Circuit." (Doc. 73-1, p. 7.) There is no reason for the parties to brief, and for the Eighth Circuit to review, the identical issue twice. A second appeal of the same issue will only increase the expense of this litigation. It is more efficient to allow the Eighth Circuit to reach a decision on the appeal that is currently pending in this case. If the Eighth Circuit's decision revives Wilbur-Ellis's claims in Counts I and III of the Complaint, this Court will reconsider its decision granting judgment as a matter of law on those claims.

For these reasons, Wilbur-Ellis has not carried its burden of demonstrating that an interlocutory appeal of this Court's April 8, 2024 Memorandum Opinion is warranted. Accordingly,

**IT IS ORDERED** that the Motion for Certification of an Interlocutory Appeal is denied. (Doc. 73.)

Dated this 11th day of June, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK