UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILBUR-ELLIS COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TAIT LACEY and J.R. SIMPLOT COMPANY,<br><br>Defendants. | 4:23-CV-04097-LLP<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

Pending before the Court is Defendant Tait Lacey's (Lacey) Motion for Partial Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 77.)

**BACKGROUND**

The dispute in this case arose when Lacey's employment with Wilbur-Ellis Company, LLC (Wilbur-Ellis) was terminated and Lacey went to work with Wilbur-Ellis's competitor, J.R. Simplot Company (Simplot). In the Complaint filed on June 15, 2023, Wilbur-Ellis alleged that Lacey breached the terms of his Employment Agreement with Wilbur-Ellis (Count I), that Lacey tortiously interfered with Wilbur-Ellis's contractual relationships with its employees (Count II), and that Simplot tortiously interfered with Wilbur-Ellis's contractual relationship with Lacey (Count III). (Doc. 1.) Wilbur-Ellis sought a preliminary injunction to enjoin Lacey from "taking action of any character that results in violation of or interference with the non-competition provisions of [his Employment Agreement]" or from "tortiously interfering with Wilbur-Ellis' contractual rights pursuant to [Kevin] Erikson's own employment agreement." (Doc. 5, at p. 4). Wilbur-Ellis also sought to enjoin Simplot "from tortiously interfering with Wilbur-Ellis' contractual rights pursuant to Lacey's Employment Agreement." (*Id.*)

After a hearing, the Court denied Wilbur-Ellis's motion for a preliminary injunction, holding that Wilbur-Ellis was unlikely to prevail on the merits because Lacey's Severance Agreement superseded his Employment Agreement with Wilbur-Ellis, rendering the Restrictive Covenant clause in the Employment Agreement unenforceable against Lacey. (Doc. 39, p.6.)

Defendants filed a joint motion for judgment on the pleadings as to Counts I and III of the Complaint, arguing that because the Restrictive Covenants are not enforceable, there was no contract for Lacey to breach or for Simplot to interfere with. (Docs. 56, 57.) On April 8, 2024, the Court granted judgment on the pleadings as to Counts I and III. (Doc. 72.) Only Count II remained - - the claim alleging Lacey tortiously interfered with Wilbur-Ellis's contractual relationships with its employees.

Discovery was stayed on Count II pending the appeal of a companion case filed by Wilbur-Ellis against Kevin Erikson and Simplot.[1] (Doc. 72, pp. 6-7.) At that time, the Court understood Wilbur-Ellis's claim in Count II of the Complaint in the instant case to be limited to Lacey's alleged interference with Erikson's employment agreement. With that understanding, the Court noted that "if the Eighth Circuit decides that the restrictive covenants are unenforceable against Erikson, and reverses this Court's decision in *Erikson*, then the tortious interference claim against Lacey in Count II will fail as a matter of law." (*Id.*) On June 6, 2024, the Eighth Circuit reversed this Court's decision in *Erikson*, finding the restrictive covenants in Erikson's employment agreement had expired and were not enforceable. *See Wilbur-Ellis Company, LLC v. Erikson*, 103 F.4th 1352 (8th Cir. 2024).

On February 3, 2025, the Eighth Circuit affirmed this Court's decision to deny Wilbur-Ellis's request for a preliminary injunction against Lacey and Simplot in the present case. *See Wilbur-Ellis Company, LLC v. Lacey*, 2025 WL 366823 (8th Cir. Feb. 3, 2025). The Eighth Circuit stated:

> Since the filing of this appeal, we decided *Wilbur-Ellis Co. v. Erikson*, 103 F.4th 1352 (8th Cir. 2024), a case with nearly identical facts. In *Erikson*, we interpreted the language of a materially similar employment agreement and held under South Dakota law that the restrictive covenants expired on the same day the employment agreement did. 103 F.4th at 1356. As is the case here, the employment agreement in *Erikson* included a survival clause with identical language to the one here, requiring a provision to expressly state it would continue after the agreement terminated. *See id.* at 1355–56. We held that by the employment agreement's plain terms, the restrictive covenants in *Erikson* "did not contain 'express[ ]' language sufficient to extend their application beyond the [a]greement's termination date," and the survival clause therefore did not keep the restrictive covenants

---

[1] This Court held that the restrictive covenants in Erikson's employment agreement were enforceable and granted a preliminary injunction in favor of Wilbur-Ellis. *See Wilbur-Ellis Co., LLC v. Erikson*, 4:23-CV-04058-LLP, 2023 WL 3980330 (D.S.D. June 13, 2023). Erikson appealed.

> in force beyond termination of the Employment Agreement. *Id.* at 1356. The same is true here. Nothing in Lacey's Employment Agreement included express language extending the Restrictive Covenants beyond the expiration of the Employment Agreement itself. Thus, the Restrictive Covenants became inoperative on March 31, 2020, when the Employment Agreement expired.

*Id.* at *2.

Lacey now argues that Count II fails as a matter of law because Erikson was not bound by the restrictive covenants in his employment agreement and thus Lacey could not have tortiously interfered with Wilbur Ellis's contract with Erikson. In response, Wilbur-Ellis asserts that Count II is not limited to the employment relationship between Wilbur-Ellis and Erikson but includes any conduct by Lacey that interfered with any employee's contract with Wilbur-Ellis. "In other words, if Wilbur-Ellis can prove that Lacey interfered with the employment agreement between Wilbur-Ellis and *any other employee*, Wilbur-Ellis is entitled to relief." (Doc. 80, p. 1.)

## LEGAL STANDARD

In deciding a Rule 12(c) motion for judgment on the pleadings, courts apply the same legal standard used for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Courts are required to accept as true the factual allegations in the Complaint and must resolve all inferences in the non-moving parties' favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id.* "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

## DISCUSSION

Though Wilbur-Ellis's request for injunctive relief against Lacey was limited to Lacey's alleged interference with Erikson's employment contract, the allegations in the Complaint are not so limited. In Count II of the Complaint, Wilbur-Ellis alleges, in relevant part:

> Wilbur-Ellis has valid contractual relationships with all its employees.
>
> Lacey intentionally and unjustifiably interfered with Wilbur-Ellis's valid contractual relationship with its employees by, among other things, soliciting employees to leave employment with Wilbur-Ellis and take employment with Simplot in violation of those employees' agreement with Wilbur-Ellis and, more specifically, the postemployment restrictive covenants contained therein.

(Doc. 1, p. 24.)

Lacey contends that Wilbur-Ellis failed to specifically allege in the Complaint that it had a contractual relationship with any employee other than Erikson. However, Wilbur-Ellis is the non-moving party and so its factual allegations are taken as true, with all reasonable factual inferences taken in Wilbur-Ellis's favor at this point. Wilbur-Ellis alleges that it has valid contractual relationships with all of its employees, and that Lacey intentionally interfered with Wilbur-Ellis's contractual relationships with its employees by soliciting those employees to leave employment with Wilbur-Ellis and take employment with Simplot. (Doc. 1, p. 24.) The Court is not in a position to determine whether or not Wilbur-Ellis will be able to offer evidence to support its claim that it had contractual relationships with employees other than Erikson; that is more appropriately resolved at the summary judgment stage. Accepting the allegations in the Complaint as true, Wilbur-Ellis has stated a claim upon which relief may be granted and the motion for judgment on the pleadings as to Count II must be denied. Accordingly,

**IT IS ORDERED:**

1. That the Motion for Partial Judgment on the Pleadings is denied. (Doc. 77.)

2. That, within twenty days from the date of this Order, the parties shall file a joint report with agreed upon dates for the discovery deadline (including expert discovery), and the motion deadline.

Dated this 16th day of April, 2025.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

4